**IT IS FURTHER ORDERED** that each party will bear its own costs.

### JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff, and § 238.3(a)(2) of the Missouri State High School Activities Association By–Laws is invalidated, as of the date of this order.

**Tonya N. FOSTER and Dorsey Eugene Foster, Plaintiffs,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant.**

No. 93–3196–CV–S–5.

United States District Court, W.D. Missouri, S.D.

Nov. 1, 1993.

Karl Zobrist, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for plaintiffs.

Jack D. Rowe, Lathrop & Norquist, Kansas City, for defendant.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court is defendant's motion to stay this cause and compel arbitration, plaintiffs' suggestions in opposition to defendants' motion and defendant's reply to plaintiffs' suggestions. For the reasons set out below, defendant's motion will be granted and the parties will be Ordered to proceed to arbitration.

### BACKGROUND

Plaintiffs are Tonya Foster and her husband, Dorsey. In the Spring of 1991, Tonya Foster (Tonya) purchased a Sears catalog store from Larry Sutton. The purchase included transfer of the right to do business as a Sears Catalog Merchant, and in May, 1991 Mr. Sutton transferred his right as an Authorized Catalog Sales Merchant to Tonya. Tonya began operating as a catalog sales merchant and on February 4, 1992, Tonya and defendant Sears, Roebuck and Company renewed their contractual relationship by entering into a "Sears Authorized Catalog Sales Merchant Agreement." Soon thereafter, plaintiff received notification that Sears was terminating the catalog sales aspect of its operations. This lawsuit arises out of damages the plaintiffs allegedly sustained as a result of defendant's decision to close out its catalog sales division.

Plaintiff has filed a four-count Complaint alleging: I) defendant fraudulently induced plaintiffs [1] into entering into the contractual relationship with defendant; II) defendant continued to make fraudulent misrepresentations to plaintiffs after the relationship was formed between the parties, and those misrepresentations caused plaintiffs to invest in the business and to continue the relationship; III) defendant made additional fraudulent misrepresentations to plaintiffs after the announcement was made that defendant was closing out the catalog sales aspect of its business and such misrepresentations caused plaintiffs to continue operating as a catalog sales merchant and thus they incurred damages; and IV) defendant tortiously interfered with plaintiffs' contractual relations and business expectancies with the public.

Defendant filed a motion asking this Court to stay this cause and compel arbitration, because the contract entered into between plaintiffs and defendant contains a broadly-worded arbitration clause.

### ANALYSIS

■ In their response in opposition to defendant's motion, plaintiffs do not deny that Tonya Foster could be compelled to arbitrate

---

1. Although only Tonya Foster signed the contracts in question, the plaintiffs' Complaint makes clear that both Tonya Foster and her husband, Dorsey, were involved in the negotiations preceding the purchase of the Sears business, that both people were subjected to defendant's alleged misrepresentations, and that both made the decision to purchase the business and to renew the contractual relationship with defendants. This matter will be discussed further, *infra.*

her disputes. Rather, they argue that plaintiff Dorsey Foster did not sign the contract and, thus, is not bound by the arbitration clause of the contract. Therefore, plaintiffs argue, this Court should not compel Dorsey to arbitrate and should not compel Tonya to arbitrate.

Both parties cite *Swensen's Ice Cream Co., Inc. v. Corsair Corporation,* Case No. 90–3153–CV–S–2 (W.D.Mo., So.Div. Aug. 3, 1990) *aff'd,* 942 F.2d 1307 (8th Cir.1991) as supportive of their position. Plaintiffs claim that *Swensen's* stands for the proposition that, "a spouse who did not sign an agreement containing an arbitration clause cannot be compelled to arbitrate her claims along with those of her signatory husband." Plaintiffs' Suggestions in Opposition to Defendant's Motion, P. 3. However, as defendant points out, in *Swensen's* Judge Collinson actually held the non-signatory spouse *was* bound by the arbitration clause contained in one of the contracts. That was the contract which she had guaranteed. In this case, Dorsey Foster co-signed the bank note that financed the purchase of the Sears catalog business. All the Eighth Circuit said, in their opinion, was that just because the wife had signed a guarantee for one franchise contract, she was not necessarily bound by arbitration clauses contained in other, separate franchise contracts.

■ "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Volt Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 485, 109 S.Ct. 1248, 1259, 103 L.Ed.2d 488 (1989); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). However, nonsignatories to a contract containing an arbitration clause may be deemed parties thereto, through ordinary contract principles, for purposes of determining whether they should be compelled to arbitrate a dispute. *McAllister Bros., Inc. v. A & S Transportation Co.,* 621 F.2d 519, 524 (2d Cir.1980) (cited with approval by the Eighth Circuit in *I.S. Joseph Co. v. Michigan Sugar Co.,* 803 F.2d 396, 400 (8th Cir.1986)).

As plaintiffs admit, their Complaint contains numerous statements which indicate that Dorsey was a party to the contract between the parties. Plaintiffs' instant attempts to convince this Court that Dorsey should not be compelled to abide by the arbitration agreement are not consistent with their Complaint.

Judge Vining, of the U.S. District Court for the Northern District of Georgia, had before him a similar case, and noted that, "[the non-signatory spouse] alleges no entitlement to damages distinct from those allegedly suffered by [the signatory spouse]...." *A.L. Williams & Assoc. v. McMahon,* 697 F.Supp. 488, 494 (N.D.Ga.1988). This Court, like that one, "believes ... that a party cannot have it both ways; it cannot rely on the contract when it works to its advantage and then repute it when it works to its disadvantage." *Id.*

The fact is, Dorsey obviously expected to benefit from the contractual relationship with Sears. If not, why would he have taken any action that caused him damages which he now seeks to recover? His prayers for relief are all premised upon alleged representations defendant made which induced the formation and continuation of the contractual relationship.

*CONCLUSION*

This Court finds that the arbitration clause contained in the contract between the parties applies to the disputes raised in plaintiffs' Complaint, including the claims of Dorsey Foster.

Accordingly, it is hereby

ORDERED that defendant's motion to stay proceedings and compel arbitration (doc. # 5) is granted. This cause is hereby stayed, and the parties are directed to proceed to arbitration.